UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOHN SMITH | : | DOCKET NO. 17-cv-816 |
| REG. # 45302007 | | SECTION P |
| VERSUS | : | UNASSIGNED DISTRICT JUDGE |
| CALVIN JOHNSON | : | MAGISTRATE JUDGE KAY |

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by John Smith. Smith is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

# I.
## BACKGROUND

Smith states that he pleaded guilty to "second degree murder while armed" and is currently serving a sentence pursuant to that conviction. Doc. 1, att. 2, p. 1; *see* doc. 1, pp. 1–2. His exhibit shows that the conviction occurred in the Superior Court for the District of Columbia, although Smith alleges that it was the United States District Court for the District of Columbia. Doc. 1, att. 3; *see* doc. 1, p. 1. Smith now seeks relief in this court under 28 U.S.C. § 2241, arguing that he has uncovered new evidence indicating that his guilty plea was invalid and that his conviction and

sentence are therefore illegal. Doc. 1, p. 5. He states that he attempted to file a petition under 28 U.S.C. § 2255 in some unidentified court "but [they] said it was file[d] wrong and returned [it] to me." *Id.*

## II.
### LAW & ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255, or the District of Columbia equivalent D.C. Code § 23-110, allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990); *Dockery v. Warden, USP Pollock*, 2008 WL 5581993 at *2 (W.D. La. Dec. 23, 2008). Here Smith collaterally attacks his incarceration, arguing errors with regard to his federal conviction, and makes no claim against the execution of his sentence. Therefore, his claim should be advanced in a motion to vacate.

The savings clauses of both 28 U.S.C § 2255 and D.C. Code § 23-110 permit a petitioner to seek *habeas* relief under § 2241 when the remedy provided under those statutes is "inadequate or ineffective to test the legality of his detention." *Dockery*, 2008 WL 5581993 at *2; *see* 28 U.S.C. § 2255(e) and D.C. Code § 23-110(g). "A § 2241 petition is not, however, a substitute for a motion under § 2255 [or § 23-110], and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Dockery*, 2008 WL 5581993 at *2. The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 or § 23-110 inadequate or ineffective. *Dockery*,

2008 WL 5581993 at *2 (citing *Jeffers*, 253 F.3d at 830, and *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).

Instead, Smith must demonstrate the following to show that his prior remedy was inadequate or ineffective: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Here he points to no retroactively applicable Supreme Court case, and instead argues based on newly discovered evidence.[1] Accordingly, he does not satisfy the test for advancing his claims in this court under § 2241 and this petition must be dismissed for lack of jurisdiction. *Rodriguez v. Jones*, 533 Fed. App'x 463, 464 (5th Cir. 2013).

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

---

[1] Additionally, claims based on new evidence are clearly contemplated under § 23-110 motions. Such motions may be brought at any time, but are subject to dismissal where the government can show prejudice based on the late filing. D.C. Code § 23-110(b). The government's showing can be overcome, however, by the movant's demonstration that the motion is based on grounds that he "could not have raised by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred." *Id.*

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE